**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| CYNTHIA PHILLIPS, | * | |
| Plaintiff, | * | |
| | * | Civil Case No. ELH-11-3230 |
| v. | * | |
| RAYTHEON APPLIED SIGNAL TECHNOLOGY, INC., | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

I have reviewed Defendant's Motion for Fees and Costs (ECF 40), and the opposition thereto (ECF 41). For the reasons stated below, I deny this motion.

**I.     Background**

On June 28, 2012 Defendant served Plaintiff Cynthia Phillips with Defendant's Fourth Set of Requests for Production of Documents seeking, among other things, certain employment records and personal tax returns. ECF 37. Defendant and Phillips agreed that Phillips would produce the requested documents before Defendant deposed Phillips on July 26, 2012. ECF 37. On or about July 24, 2012, Phillips's counsel informed Defendant's counsel that Phillips would not appear for her deposition or produce further documents. ECF 37. On the same date, after an emergency telephone conference, I ordered Phillips to submit to a deposition after producing her 2011 and 2012 tax returns, pay stubs, and/or W2's. ECF 35.[1]

---

[1] The Order erroneously specified the 2011 and 2012 tax returns, rather than the 2010 and 2011 tax returns, as requested. The parties understood, however, that the 2012 tax return obviously was not yet due.

On July 30, 2012, the parties agreed to a numerical settlement amount in principle. ECF 41. While negotiating the precise terms of this agreement, the parties scheduled Phillips's deposition for August 24, 2012. ECF 37. The parties also continued to disagree about discovery obligations. On August 15, 2012, with the pending deposition nine days away, Defendant warned Phillips that it would file a motion to compel if Phillips did not produce her financial documents by August 20, 2012. ECF 37. Phillips did not produce the documents by August 20, 2012, and Defendant filed a motion to compel on August 21, 2012. ECF 37. Phillips then produced her 2010 and 2011 tax returns on August 22, 2012. ECF 41. On August 23, 2012, this Court ordered Phillips to produce all of her 2012 payroll records in advance of her deposition. ECF 39. Also on August 23, 2012, the parties cancelled the Phillips deposition scheduled for August 24, 2012, because they had executed a full settlement agreement. ECF 41. Phillips later exercised her right to rescind the settlement agreement, and her deposition was rescheduled for August 29, 2012. ECF 41. Phillips was deposed on August 29, 2012. On that day, prior to her deposition, Phillips produced all of her 2012 pay stubs. ECF 41.

## II.     Analysis

Defendant seeks reimbursement of the attorneys' fees it incurred in filing its motion to compel production of certain documents from Phillips. Defendant argues that it is entitled to attorneys' fees because its motion to compel was granted and Phillips produced the requested discovery after the motion was filed. Phillips argues that Defendant's motion to compel was filed prematurely and that Phillips did timely produce the requested documents pursuant to the Order of July 24, 2012. Phillips is correct.

Fed. R. Civ. P. 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested disclosures are produced only after a motion to compel is filed, the party whose

conduct necessitated the motion to compel must pay the movant's reasonable expenses incurred in making the motion. The court, however, must not order such a payment if the movant filed the motion before attempting to obtain the discovery without court involvement, if the nondisclosure was substantially justified, or if other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

In connection with the Equal Justice Act,[2] the Supreme Court has interpreted "substantially justified" to mean "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988) (internal quotations omitted). A party's conduct is "substantially justified" if "reasonable people could differ as to the appropriateness of the contested action." *Id.* at 565.

Here, this Court's July 24, 2012 Order only required Phillips to produce her financial documents prior to her deposition. The Phillips deposition was scheduled for August 24, 2012, and did not occur until August 29, 2012. Certainly, given the parties' history in discovery, Defendant had cause for concern about whether Phillips would timely produce the documents. However, Defendant's motion to compel, filed on August 21, 2012, was technically premature, as Phillips's final deadline for production had not passed.[3] In fact, Phillips produced the requested documents prior to her deposition, as ordered by this Court. ECF 41. Moreover, the parties agreed to a numerical settlement amount on July 30, 2012, and a complete settlement

---

[2] Courts have applied the Supreme Court's interpretation of "substantially justified" in the Equal Justice Act context to the Rule 37 attorney's fees context. *See, e.g.*, *Kemp v. Harris*, 263 F.R.D. 293, 296-97 (D. Md. 2009); *Doe v. Lexington-Fayette Urban Cnty. Gov't.*, 407 F.3d 755, 765 (6th Cir. 2005); *Burkett ex rel. Estate of Burkett v. AIG Claim Servs., Inc.*, 244 F.R.D. 328, 331 (N.D. W.Va. 2005).

[3] The deadline for Phillips's production moved when her August 24, 2012 deposition was postponed for five days. Using either deposition date, Defendant's August 21, 2012 motion to compel was premature.

agreement on August 23, 2012, providing additional explanation for Phillips's delay.  A reasonable person could certainly view Phillips's conduct as appropriate because Phillips complied with this Court's July 24, 2012 Order and because there was a pending settlement agreement.

Certainly, Phillips could have produced the documents earlier.  However, Defendant has cited no case law, and this Court has found none, which allows the award of attorneys' fees as a sanction where a party acted within the scope of a court order.  Therefore, Phillips's conduct in producing those requested documents on the day of the deposition, but prior to it, though not commendable, was substantially justified.

A separate Order follows.


Dated:  October 19, 2012                                    /s/
                                                        Ellen L. Hollander
                                                        United States District Judge